IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO RUIZ MONTES,<br><br>        Movant,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent.<br>_____/ | CASE NO. 1:06-CR-00342-LJO<br><br>**ORDER ON MOTION TO AMEND 28 U.S.C. § 2255 MOTION AND MOTION TO AMEND OR ALTER ORDER DENYING 28 U.S.C. § 2255 MOTION** (Doc. 443) |

**I. INTRODUCTION**

Ricardo Ruiz Montes ("Mr. Montes") is a prisoner in federal custody proceeding pro se. Now before the Court is his FED. R. CIV. P. 15(a) motion to amend his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Also, before the Court is his FED. R. CIV. P. 59(e) motion to amend or alter this Court's July 9, 2012 order denying his § 2255 motion. Mr. Montes seeks to amend his § 2255 motion in order to set forth a new ineffective assistance of counsel claim and requests the Court to alter or amend its order to include consideration of the claims raised in his reply brief. Having considered the arguments presented and the relevant law, this Court DENIES Mr. Montes' motions.

**II. BACKGROUND**

In 2004, Mr. Montes and his co-defendant created the California HealthCare Collective ("CHC"), a marijuana dispensary in Modesto, California. The duo ran the dispensary until the fall of 2006, when

1   they were indicted by federal authorities.  After a jury trial, Mr. Montes was found guilty of conducting
2   a continuing criminal enterprise ("CCE"), manufacturing marijuana and aiding and abetting, and three
3   counts of possession with intent to distribute marijuana.  (Doc. 252).  He was sentenced to a total of 240-
4   months imprisonment.  (Doc. 335).  Mr. Montes' conviction and sentence were affirmed on appeal.  *See*
5   *United States v. Montes*, 628 F.3d 1183 (9th Cir. 2011); *United States v. Montes*, 421 Fed. Appx. 670
6   (9th Cir. 2011).

7   On April 1, 2012, Mr. Montes filed a § 2255 motion in which he raised two ineffective assistance
8   of counsel claims.  (Doc. 421).  First, he argued that he received ineffective assistance of counsel when
9   his trial counsel failed to argue that the CHC business records presented to the Grand Jury violated his
10  Fifth Amendment privilege against self incrimination and right to due process.  (Doc. 421, p. 5-11).
11  Second, he argued that he received ineffective assistance of counsel when his trial counsel failed to move
12  to suppress the gun seized during an allegedly unlawful traffic stop.  (Doc. 421, p. 11-15).

13  On April 23, 2012, the Court ordered the government to file an opposition to Mr. Montes'
14  motion.  (Doc. 422).  In the order for opposition, the Court stated "[n]o further submissions shall be
15  accepted, unless further ordered by this Court."  (Doc. 422).  The government complied with the Court's
16  order and submitted its opposition.  (Doc. 427).  Shortly thereafter, Mr. Montes filed a motion for
17  extension of time to file a reply.  (Doc. 430).  In a minute order, the Court granted Mr. Montes' motion
18  and ordered the reply to be filed no later than June 18, 2012.  (Doc. 431).  On June 13, 2012, Mr. Montes
19  timely filed his reply.  (Doc. 434).

20  On July 9, 2012, this Court denied Mr. Montes' § 2255 motion.  (Doc. 436).  The Court also
21  denied Mr. Montes' motion for extension of time to file a reply and declined to consider his reply brief
22  in light of the April 23, 2012 order which advised the parties that no further submissions would be
23  accepted after the government's opposition was filed.  (Doc. 436, p. 4:17-20).

24  Shortly before the Court issued its order, Mr. Montes' trial counsel filed a declaration on June
25  27, 2012.  (Doc. 435).  The declaration provides that six to twelve months before trial, Mr. Montes'
26  attorney asked the Assistant United States Attorney ("AUSA") prosecuting the case what it would take
27  to resolve the case.  The AUSA asked if Mr. Montes' would be interested in ten years if she were able
28  to get an offer approved by her supervisor.  Mr. Montes' counsel said no, that defendants would be

1 interested in pleading to one phone count.  According to the declaration, there were no further settlement
2 negotiations after that.  The declaration further provides that after sentencing, Mr. Montes' counsel was
3 in an elevator with the AUSA and when he complained about Mr. Montes' twenty year sentence the
4 AUSA said that Mr. Montes should have taken her ten year offer.  Mr. Montes' counsel's paralegal also
5 submitted a declaration that corroborates the discussion that occurred in the elevator.  (Doc. 435-1).

6       On July 30, 2012, Mr. Montes filed the instant FED. R. CIV. P. 15(a) motion to amend his § 2255
7 motion and FED. R. CIV. P. 59(e) motion to alter or amend the Court's July 9, 2012 order denying his
8 § 2255 motion.  (Doc. 443).  Mr. Montes requests leave to amend, pursuant to Rule 15(a), in order to
9 raise an ineffective assistance of counsel claim based on counsel's June 27, 2012 declaration.  Mr.
10 Montes explains that he was unaware of the government's ten year plea offer until July 17, 2012 when
11 his co-defendant advised him that his trial counsel filed a declaration with the Court discussing the offer.
12 Mr. Montes seeks to raise an ineffective assistance of counsel claim based on his trial counsel's failure
13 to disclose the ten year plea offer.  Mr. Montes also requests the Court to alter or amend its July 9, 2012
14 order denying his § 2255 motion, pursuant to Rule 59(e), based on the Court's failure to consider his
15 reply brief.  He contends that the Court's belated rescission of permission to file a reply created a
16 fundamental defect in the proceedings which deprived him of a full and fair opportunity to litigate his
17 claims.

### III. DISCUSSION

**A. FED. R. CIV. P. 15(a) Motion**

20       Mr. Montes requests leave to amend his § 2255 motion, pursuant to FED. R. CIV. P. 15(a), in
21 order to raise a new ineffective assistance of counsel claim based on trial counsel's June 27, 2012
22 declaration.

23       A habeas petition may be amended "as provided in the rules of procedure applicable to civil
24 actions."  28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2255 Proceedings, 28 U.S.C.
25 foll. § 2255 ("[t]he Federal Rules of Civil Procedure . . . may be applied to a [§ 2255] proceeding").
26 Under FED. R. CIV. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written

3

consent or the court's leave. The court should freely give leave when justice so requires."[1] "[W]here a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). However, if the district court has already adjudicated the prior petition and entered judgment the new petition is successive. *See Beaty v. Schriro*, 554 F.3d 780, 783 n.1 (9th Cir. 2009) (holding that a petitioner cannot amend his petition after the district court has ruled and proceedings have begun in the circuit court).

Here, Mr. Montes filed his § 2255 motion on April 1, 2012. This Court denied the motion on July 9, 2012. Shortly thereafter, on July 30, 2012, Mr. Montes filed the instant Rule 15(a) motion to amend his § 2255 motion. Because the Court has already ruled on Mr. Montes § 2255 motion, Mr. Montes' motion to amend is construed as a second or successive § 2255 motion.

Before this Court can consider a second or successive § 2255 motion, the movant must receive certification from the court of appeals. *See* 28 U.S.C. §§ 2244(a) & (b)(3), 2255(h); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). Mr. Montes has not shown that he has obtained leave from the Ninth Circuit to file a second motion. Thus, this Court lacks jurisdiction to consider Mr. Montes' new ineffective assistance of counsel claim. *See Allen*, 157 F.3d at 664 (concluding that because movant did not request certification from the Ninth Circuit to file a successive § 2255 motion the district court lacked jurisdiction to consider the merits of his claim). Accordingly, Mr. Montes' FED. R. CIV. P. 15(a) motion is DENIED.

**B. FED. R. CIV. P. 59(e) Motion**

Mr. Montes has also filed a motion to alter or amend the order denying his § 2255 motion pursuant to FED. R. CIV. P. 59(e). He seeks leave to alter or amend the order to set forth the ineffective assistance of counsel claim discussed above and to include consideration of the claims raised in his reply brief.

"Rule 59(e) permits a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). In the habeas context, a motion to reconsider may not be

---

[1] Mr. Montes has sought the government's consent but the government has not responded.

4

used to raise a new ground for relief that would otherwise be barred as second or successive. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).[2] A motion to reconsider may be brought however, to attack a defect in the integrity of the habeas proceeding. *Id*. at 532.

**1. New Ineffective Assistance of Counsel Claim**

To the extent Mr. Montes proceeds under Rule 59(e) to set forth his new ineffective assistance of counsel claim, his use of Rule 59(e) is unavailing. A motion to reconsider may not be used to raise a new ground for relief. *Gonzalez*, 545 U.S. at 531. Thus, to the extent Mr. Montes proceeds under Rule 59(e), his ineffective assistance of counsel claim is construed as a second or successive § 2255 motion. *See United States v. Buenrostro*, 638 F.3d 720, 723 (9th Cir. 2011) (per curiam) (holding that because movant wanted "to bring a new claim for relief, wholly independent of the claims adjudicated in his first § 2255 proceeding, his [motion to reconsider] must be treated as a § 2255 motion"). As discussed above, before this Court can consider a second or successive § 2255 motion, the movant must receive certification from the court of appeals. *See Allen*, 157 F.3d at 664. Mr. Montes has not shown that he has obtained leave from the Ninth Circuit to file a second motion. Thus, this Court lacks jurisdiction to consider Mr. Montes' new ineffective assistance of counsel claim under Rule 59(e).

**2. Reply Brief**

Mr. Montes also requests the Court to alter or amend its order to include consideration of the claims raised in his reply brief. He contends that the Court's belated rescission of permission to file a reply created a fundamental defect in the proceedings which deprived him of a full and fair opportunity to litigate his claims.

A motion to reconsider may be brought to attack a defect in the integrity of the habeas proceeding. *Gonzalez*, 545 U.S. at 532. To show a defect in the integrity of a § 2255 proceeding, the movant "must point to something that happened during that proceeding that rendered its outcome suspect." *Buenrostro*, 638 F.3d at 722. In other words, the movant must attack "a nonmerits aspect"

---

[2] Although *Gonzalez* involved a state prisoner who filed a Rule 60(b) motion to reconsider his § 2254 petition, the Ninth Circuit has held that *Gonzalez* applies to § 2255 proceedings as well. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam). Similarly, although *Gonzalez* involved a Rule 60(b) motion to reconsider, courts have applied its holding to cases involving Rule 59(e) motions to reconsider. *See e.g.*, *United States v. Hicks*, 2007 WL 173885, *2 (S.D. Cal. Jan. 17, 2007); *see also Harvest v. Castro*, 531 F.3d 737, 745 n.6 (9th Cir. 2008) (discussing the holding in *Gonzalez* and acknowledging that a motion to reconsider pursuant to Rule 59 could have been filed as well).

of the proceeding. *Gonzalez*, 545 U.S. at 534.

On April 23, 2012, the Court ordered the government to file an opposition to Mr. Montes' § 2255 motion. (Doc. 422). In the order the Court stated "[n]o further submissions shall be accepted, unless further ordered by this Court." (Doc. 422). Shortly thereafter, Mr. Montes filed a motion for extension of time to file a reply. (Doc. 430). In a minute order, the Court granted Mr. Montes' request for an extension of time (Doc. 431) and Mr. Montes timely filed a reply (Doc. 434). In the order denying Mr. Montes' § 2255 motion, the Court overlooked the minute order granting Mr. Montes' request for an extension of time, denied the motion for extension of time pursuant to the April 23, 2012 order, and declined to consider Mr. Montes' reply brief. (Doc. 436, p. 4:15-20). Because the Court overlooked the minute order granting Mr. Montes' request for an extension of time to file his reply, Mr. Montes has shown a defect in the integrity of the § 2255 proceeding. Thus, the Court will consider the remaining arguments in Mr. Montes' Rule 59(e) motion.

### a. Derivative Use Immunity

Mr. Montes contends that the Court erred by not addressing his derivative use immunity claim which was raised in his § 2255 motion and reply brief.

The Court addressed Mr. Montes' derivative use immunity claim when it addressed his due process claim because Mr. Montes presented his immunity claim as part of his due process claim. In Mr. Montes' § 2255 motion, within his Fifth Amendment ineffective assistance of counsel claim, he argued that:

> . . . he was entitled to assert his Fifth Amendment privilege to the CCE charge, because California's [Compassionate Use Act/Medical Marijuana Program Act]; which compelled him to create and turn over the incriminating records to state officials, not only provides a limited exception from state prosecution; it inherently grants him use and derivative use immunity. Therefore, the City's production of the documents to federal officials; which was the sole motivation for federal investigation and criminal charges, violated his federal Constitutional right to due process.

(Doc. 421, p. 9). The Court denied Mr. Montes' due process claim based on its determination that the business records were not obtained in violation of the Fifth Amendment because the information requested was not incriminating. (Doc. 436, p. 7:11-14). Because Mr. Montes' immunity claim was merely support for his due process claim and the Court ruled on his due process claim, there is no need

alter or amend the Court's order on this ground.

### b. Selective Prosecution

Mr. Montes also argues that the Court erred by not addressing his selective prosecution claim which was raised in his § 2255 motion and reply brief.

In Mr. Montes' reply brief, he argued that he was selectively prosecuted because he was the only person compelled to provide business records to state officials which were turned over to federal officials in order to initiate a federal prosecution. Arguably, this claim was raised for the first time in Mr. Montes' reply brief because he mentioned the term "selective prosecution" in his § 2255 motion but as part of his Fifth Amendment ineffective assistance of counsel claim. (Doc. 421, p. 10). Nonetheless, construing Mr. Montes' filings liberally the Court cannot consider the issue because it was raised and rejected on direct appeal. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (per curiam) (recognizing that issues raised and rejected on direct appeal cannot be the basis of a § 2255 motion).

"The requirements for a selective-prosecution claim draw on ordinary equal protection standards." *United States v. Armstrong,* 517 U.S. 456, 465 (1996). On direct appeal, the Ninth Circuit determined that Mr. Montes failed to show that his prosecution deprived him of equal protection because "he did not demonstrate that his prosecution 'was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech.'" *United States v. Montes*, 421 Fed. Appx. 670, 673-74 (9th Cir. 2011) (quoting *United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975)). Because Mr. Montes' selective prosecution claim was raised and rejected on direct appeal, it cannot be the basis of Mr. Montes' § 2255 motion. *See Redd*, 759 F.2d at 701. Thus, an alteration or amendment to the order on this ground is unwarranted.

### c. Ineffective Assistance of Counsel Claim

Finally, Mr. Montes argues that the Court should have addressed an ineffective assistance of counsel claim raised for the first time in his reply brief. In Mr. Montes' § 2255 motion he argued that he received ineffective assistance of counsel when his trial counsel failed to move to suppress a gun seized during an allegedly unlawful traffic stop. For the first time in Mr. Montes' reply brief, he argued that he also received ineffective assistance of counsel when his counsel failed to move to suppress the $48,000, seized during the same traffic stop. Because the issue was raised for the first time in Mr.

Montes' reply brief the Court need not consider it. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Accordingly, an alteration or amendment to the order on this ground is unnecessary as well.

Mr. Montes' Rule 59(e) motion is DENIED.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Mr. Montes' FED. R. CIV. P. 15(a) motion to amend his § 2255 motion and
2. DENIES Mr. Montes' FED. R. CIV. P. 59(e) motion to amend or alter this Court's July 9, 2012 order denying his § 2255 motion.

IT IS SO ORDERED.

**Dated:   August 31, 2012**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE